THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* LIEBERMAN *v.* VAN DE CARR, WARDEN.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 71. Argued November 9, 1905.—Decided December 11, 1905.

A State has the right, in the exercise of the police power, and with a view to protect the public health and welfare, to make reasonable regulations in regard to such occupations as may, if unrestrained, become unsafe or dangerous, and the conferring of discretionary power upon administrative boards to grant or withhold permission to carry on such a trade or business is not violative of the Fourteenth Amendment. There is no presumption that a power granted to an administrative board will be arbitrarily or improperly exercised, and this court will not interfere with the exercise of such a power where the record does not disclose any ground on which the board acted.

It is primarily for the State to select the businesses to be regulated, and if those selected are proper subjects for regulation, those engaged therein are not denied the equal protection of the laws because other businesses are not subjected to similar regulations, provided all engaged in the same business are treated alike.

Section 66 of the Sanitary Code of the City of New York, regulating the sale of milk in that city, as the same has been construed by the highest court of that state, *held* not violative of the Fourteenth Amendment as depriving those engaged in that business of their property without due process of law or denying them the equal protection of the laws.

THE facts, which involved the constitutionality of section 66 of the Sanitary Code of the city of New York in regard to the sale of milk in that city, are stated in the opinion.

*Mr. Frank Moss* for plaintiff in error:

The section of the Sanitary Code involved in this action is unconstitutional and repugnant to the provisions of the Fourteenth Amendment.

It is an ordinance enforced by the State, under section 1172 of the city charter, which abridges the privileges and immunities of citizens, and deprives persons of property without due process of law, and denies to persons the equal protection of the

laws.   It is not designed to protect the health of the public, and is not in any view necessary, but is an instrument of oppression, which gives to the unelected Board of Health, arbitrary powers, the misuse of which cannot be corrected by mandamus, appeal· or other legal proceedings.   The Board of Health has unnecessarily and unduly selected this business out of many others holding similar relations to the public, and has imposed its prohibition by the permit system on it alone.

Section 66 puts the holding, keeping, selling and delivering of milk under the arbitrary and absolute power of the Board of Health, without declaring any lines or limits for the exercise of its prohibitive action, and it allows the Board to load its permits with conditions, the nature of which is not indicated or limited in the ordinance or in the code.

The language of the section permits unjust discrimination and the evils of its abuse cannot be corrected by mandamus. *Yick Wo* v. *Hopkins*, 118 U. S. 356; *People* v. *Noel*, 187 Illinois, 587; *Grundling* v. *Chicago*, 177 U. S. 356; *Dunham* v. *Rochester*, 5 Cow. (N. Y.) 462; *St. Paul* v. *Laidler*, 2 Minnesota, 190; *Richmond* v. *Dudley*, 129 Indiana, 112; *Plymouth* v. *Schultheis*, 135 Indiana, 339, 701; *State* v. *Dubarry*, 44 La. Ann. 1117; *State* v. *Deffer*, 45 La. Ann. 658; *State* v. *Tenant*, 110 N. Car. 609.

As to how such a statute should be construed the court below clearly erred in relying on *Nechamous* v. *Warden*, 144 N. Y. 539, and see *Rochester* v. *West*, 164 N. Y. 514, in which it was held that the validity of a statute is not to be determined by what has been done in a particular instance, but by what may be done under it.

*Mr. Theodore Connoly* for defendant in error:.

The Fourteenth Amendment does not take away from the State the power to pass police regulations affecting the health, safety and morals of the people.   *Barbier* v. *Connolly*, 113 U. S. 27; *Minneapolis &c. Ry. Co.* v. *Beckwith*, 129 U. S. 26; *Giozza* v. *Tiernan*, 148 U. S. 657; *Jones* v. *Brim*, 165 U. S. 180.

The presumption which exists in favor of the constitutionality of a statute is especially strong in the case of statutes intended for the protection of the health and comfort of the community, and it will be presumed that each state legislature has most knowledge of the needs of its people. *Powell* v. *Pennsylvania,* 127 U. S. 678, 684; *Atkin* v. *Kansas,* 191 U. S. 207, 223.

One of the fundamental duties of the State is to exercise the police power to protect and preserve the health of its people. *Commonwealth* v. *Alger,* 7 Cush. 53; *Beer Co.* v. *Massachusetts,* 97 U. S. 25; *Hawkes* v. *New York,* 170 U. S. 189; *Jacobson* v. *Massachusetts,* 197 U. S. 24.

Health statutes which may be passed either by a state legislature or ordinances passed under legislative authority by the municipal departments of cities which regulate the conditions under which the supply of milk to the community may be had, are valid police statutes and within the power of the legislature, or of their agents, the municipal corporations acting under statutory authority. *Fisher* v. *St. Louis,* 194 U. S. 361; *Johnson* v. *Simonton,* 43 California, 242, 249; *State* v. *Schlenker,* 112 Iowa, 642; *Kansas* v. *Cook,* 38 Mo. App. 660; *Sanders* v. *Commonwealth,* 25 Ky. Law Rep. 1165; *State* v. *Fourcade,* 45 La. Ann. 717; *State* v. *Dupaquier,* 46 La. Ann. 577; *State* v. *Stone,* 46 La. Ann. 147; *State* v. *Rogers,* 95 Maine, 94; *Deems* v. *Baltimore,* 80 Maryland, 164; *State* v. *Broadbelt,* 89 Maryland, 565; *Commonwealth* v. *Farren,* 9 Allen, 489; *Commonwealth* v. *Nichols,* 10 Allen, 199; *Commonwealth* v. *Waite,* 11 Allen, 264; *Commonwealth* v. *Evans,* 132 Massachusetts, 11; *Commonwealth* v. *Luscomb,* 130 Massachusetts, 42; *State* v. *Nelson,* 66 Minnesota, 166; *State* v. *Creamery Co.,* 83 Minnesota, 284; *Littlefield* v. *State,* 42 Nebraska, 223; *State* v. *Campbell,* 64 N. H. 402; *Shivers* v. *Newton,* 45 N. J. L. 469; *Polinsky* v. *People,* 73 N. Y. 65; *People* v. *Cipperly,* 37 Hun, 324; *S. C.* 101 N. Y. 634; *People* v. *West,* 106 N. Y. 293; *People* v. *Kibler,* 106 N. Y. 321; *People* v. *Briggs,* 114 N. Y. 56; *People* v. *Biesecker,* 169 N. Y. 53; *State* v. *Smith,* 10 R. I. 258; *State* v. *Smyth,* 14

R. I. 100; *State* v. *Groves*, 15 R. I. 208; *Norfolk* v. *Flynn*, 101 Virginia, 473.

As to the constitutionality of the Agricultural Law, Laws, 1893, ch. 338; Laws, 1900, ch. 101, creating a standard of pure milk in that State, see *People* v. *Bowen*, 182 N. Y. 10. In an unbroken line of decisions the New York Court of Appeals has sustained the validity of the milk laws.

Similar legislation regulating the sale and standard of oleomargarine has also received uniform support from the courts. *Powell* v. *Pennsylvania*, 127 U. S. 678; *Plumley* v. *Massachusetts*, 155 U. S. 461; *Schollenberger* v. *Pennsylvania*, 171 U. S. 1; *Capital City Dairy Co.* v. *Ohio*, 183 U. S. 238; *In re Brosnahan*, 18 Fed. Rep. 62; *Armour Packing Co.* v. *Snyder*, 84 Fed. Rep. 136; *Cook* v. *State*, 110 Alabama, 40; *State* v. *Armour Packing Co.*, 100 N. W. Rep. (Iowa) 59; *State* v. *Rogers*, 95 Maine, 94; *McAllister* v. *State*, 72 Maryland, 390; *Pierce* v. *State*, 63 Maryland, 592; *Fox* v. *State*, 89 Maryland, 381; *Wright* v. *State*, 88 Maryland, 436; *Commonwealth* v. *Huntley*, 156 Massachusetts, 236; *People* v. *Rotter*, 91 N. W. Rep. (Mich.) 167; *Butler* v. *Chambers*, 36 Minnesota, 69; *State* v. *Horgan*, 55 Minnesota, 183; *Wiedman* v. *State*, 56 N. W. Rep. 688; *State* v. *Addington*, 77 Missouri, 110; *State* v. *Bockstruck*, 136 Missouri, 335; *Beha* v. *State*, 93 N. W. Rep. (Neb.) 155; *State* v. *Marshall*, 64 N. H. 549; *State* v. *Collins*, 45 Atl. Rep. (N. H.) 1080; *State* v. *Ball*, 70 N. H. 40; *State* v. *Newton*, 50 N. J. L. 534; *People* v. *Arensberg*, 105 N. Y. 123; *Palmer* v. *State*, 39 Ohio St. 236; *State* v. *Ransick*, 62 Ohio St. 283; *Commonwealth* v. *Weiss*, 139 Pa. St. 247; *Commonwealth* v. *Van Dyke*, 13 Pa. Sup. Ct. 484; *Commonwealth* v. *McCann*, 14 Pa. Sup. Ct. 221; *Commonwealth* v. *Diefenbacher*, 14 Pa. Sup. Ct. 264; *State* v. *Meyer*, 42 W. Va. 822.

So as to statutes regulating the production and sale of lard. *State* v. *Snow*, 81 Iowa, 642; *State* v. *Aslesen*, 50 Minnesota, 5.

Similar legislation affecting the production and manufacture of vinegar has also been sustained. *People* v. *Girard*, 145 N. Y. 105; *People* v. *Niagara Fruit Co.*, 75 App. Div. N. Y. 11, aff'd

173 N. Y. 629; *People* v. *Heinze Co.*, 90 App. Div. N. Y. 408, *People* v. *Windholz*, 92 App. Div. N. Y. 569; *People* v. *Worden Grocery Co.*, 118 Michigan, 604; *Weller* v. *State*, 53 Ohio St. 77.

Statutes regulating the standard of baking powder were upheld in *Stolz* v. *Thompson*, 44 Minnesota, 271; *State* v. *Sherod*, 83 N. W. Rep. 417; 80 Minnesota, 446; *Missouri* v. *Layton*, 160 Missouri, 474; *S. C.*, 187 U. S. 356. As to the adulteration of coffee see *Crossman* v. *Lurman*, 192 U. S. 189.

Wherever the legislature in its wisdom, with a view to protecting the health of the people and impelled solely by this desire, has controlled the manufacture, production and supply of articles of food, the courts have been unanimous in upholding the constitutionality of these health enactments.

The performance by boards of health of the duties intrusted to their care by the state legislature, although the fulfillment of these responsibilities carry with it the exercise of a reasonable discretion, is not a delegation of legislative power reposed solely in the legislature, but an exercise of administrative and ministerial functions by agents best qualified to understand the conditions of the case and to appreciate the necessities of the exercise of their power. Cases *supra* and *Dent* v. *West Virginia*, 129 U. S. 114; *Crowley* v. *Christensen*, 137 U. S. 91; *Field* v. *Clark*, 143 U. S. 649; *In re Kollock*, 165 U. S. 526; *Davis* v. *Massachusetts*, 167 U. S. 43; *Wilson* v. *Eureka City*, 173 U. S. 32; *Gundling* v. *Chicago*, 177 U. S. 183; *Fisher* v. *St. Louis*, 194 U. S. 361; *In re Flaherty*, 105 California, 558; *Fitts* v. *Atlanta*, 67 L. R. A. 803; *Blue* v. *Beach*, 155 Indiana, 121; *Isenhour* v. *State*, 157 Indiana, 517; *Hengehold* v. *Covington*, 57 S. W. Rep. 495; *State* v. *Broadbelt*, 89 Maryland, 565; *Love* v. *Judge of Recorders' Court*, 128 Michigan, 552; *Commonwealth* v. *Plaisted*, 148 Massachusetts, 375; *Polinsky* v. *People*, 73 N. Y. 65; *State* v. *Briggs*, 77 Pac. Rep. (Or.) 750.

The classification of milk dealers is a proper one and works no discrimination. It is properly left to the judgment and discretion of the Board of Health. Cases *supra* and *Slaughterhouse Cases*, 16 Wall. 36; *Missouri* v. *Lewis*, 101 U. S. 22; *Soon*

*Hing* v. *Crowley,* 113 U. S. 703; *Missouri Pacific Ry. Co.* v. *Humes,* 115 U. S. 512, 519; *Hayes* v. *Missouri,* 120 U. S. 68; *Missouri &c. Ry. Co.* v. *Mackey,* 127 U. S. 205; *Walston* v. *Nevin,* 128 U. S. 578; *Bell's Gap Ry. Co.* v. *Pennsylvania,* 134 U. S. 232; *Crowley* v. *Christensen,* 137 U. S. 86; *Pacific Exp. Co.* v. *Seibert,* 142 U. S. 339; *Columbus &c. Ry. Co.* v. *Wright,* 151 U. S. 470; *Marchant* v. *Penn. Ry. Co.,* 153 U. S. 380; *St. Louis &c. Ry. Co.* v. *Mathews,* 165 U. S. 1; *Jones* v. *Brim,* 165 U. S. 180; *Central Loan &c. Co.* v. *Commission Co.,* 173 U. S. 84.

MR. JUSTICE DAY delivered the opinion of the court.

Simon Lieberman was arrested and held for trial by a magistrate of the city of New York, charged with violating section 66 of the sanitary code of New York city. After being committed to the custody of the warden of the city prison, plaintiff in error sued out a writ of *habeas corpus.*

At the hearing before a justice of the Supreme Court at special term the writ was dismissed and the prisoner remanded to the custody of the warden. Upon appeal to the Appellate Division of the Supreme Court the order of the special term was affirmed. This judgment was affirmed by the Court of Appeals of the State of New York, 175 N. Y. 440, and the case remitted to the Supreme Court, where judgment was entered on the remittitur. The case was then brought here by writ of error.

The section of the sanitary code complained of is as follows:

"SEC. 66. No milk shall be received, held, kept, either for sale or delivered in the city of New York, without a permit in writing from the board of health, and subject to the conditions thereof."

The violation of the sanitary code is made a misdemeanor. That the board of health had power to pass the sanitary code, which includes this section, is not open to question here, as it has been affirmatively decided in the state court. The objections on Federal grounds for our consideration are twofold;

.first, that the section under consideration devolves upon the board of health absolute and despotic power to grant or with-hold permits to milk dealers, and is, therefore, not due process of law; second, that singling out the milk business for regula-. tion is a denial of the equal protection of the laws to people engaged therein. ·

The record discloses that the plaintiff in error, engaged in selling milk in the city of New York before his arrest, had a permit, which was revoked by the board of health. He was thereafter found engaged through an agent in selling milk without a permit. In the testimony it appears in a conversation between the plaintiff in error and an inspector in the depart-ment of health, the latter admitted that Lieberman's milk "stood well."

The right of the State to regulate certain occupations which may become unsafe or dangerous when unrestrained, in the exercise of the police power, with a view to protect the public health and welfare, has been so often and so recently before this court that it is only necessary to refer to some of the cases which sustain the proposition that the State has a right, by reasonable regulations, to protect the public health and safety. *Beer Co.* v. *Massachusetts,* 97 U. S. 25; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650; *Crowley* v. *Christensen,* 137 U. S. 86; *Lawton* v. *Steele,* 152 U. S. 133; *Jacobson* v. *Massa-chusetts,* 197 U. S. 11; and *Reduction Co.* v. *Sanitary Reduction Works,* ante p. 306; *Gardner* v. *Michigan,* ante p. 325 decided at this term.

The contention of counsel for appellant is not that a business so directly affecting the health of the inhabitants of the city as the furnishing of milk may not be the subject of regulation under the authority of the State, but that the Court of Appeals of New York has sustained this right of regulation to the ex-tent of authorizing the board of health to exercise arbitrary power in the selection of those it may see fit to permit to sell milk under the section quoted; and thus construed it works the deprivation of the plaintiff in error's liberty and property

without due process of law. We do not so understand the decision of the highest court of New York. As we read it the authority sustained is the grant of power to issue or withhold permits in the honest exercise of a reasonable discretion. In the opinion of the Appellate Division, whose judgment was affirmed in the Court of Appeals, it was said:

"Such regulations, however, should be uniform, and the board should not act arbitrarily; and if this section of the sanitary code vested in them arbitrary power to license one dealer, and refuse a license to another similarly situated, undoubtedly it would be invalid, *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Gundling* v. *Chicago*, 177 U. S. 183; *Noel* v. *People*, 187 Illinois, 587; *Dunham* v. *Trustees of Rochester*, 5 Cow. 462; *City of Brooklyn* v. *Breslin*, 57 N. Y. 591; but such was not its purpose, nor is that its fair construction.

"It is unnecessary now to determine whether the action of the board in refusing or revoking such a permit would be judicial and thus reviewable by mandamus or certiorari, or whether, if the authority should be arbitrarily or improperly exercised, the only remedy would be an application for the removal of the officers; for those are questions that may arise in the administration of the law, but do not go to its validity. The section, properly construed, does not permit unjust discrimination, and, therefore, it is valid."

The Court of Appeals, affirming the decision of the Appellate Division, did not speak with equal emphasis upon this point, but it leaves no doubt that it sustained the statute as authorizing the exercise of a reasonable discretion. While that court held that the discretion to grant or withhold permits might be vested in a board of health with opportunities to know and investigate local conditions and surroundings, it further said:

"In the case before us the requirement of section 66 of the sanitary code that the relator should not sell milk without a permit is reasonable and violates neither Federal nor state Constitution, is in accordance with law and long established precedent.

"In the argument of this case several questions have been discussed that are not presented by the appeal. It is, for instance, argued that even conceding a permit to be necessary, the provision that the holder is to be 'subject to the conditions thereof,' cannot be sustained for a variety of reasons suggested.

"It is a complete answer that the form of the permit is not in the record; it does not appear that it has, attached to it, conditions reasonable or otherwise. We consequently express no opinion on the subject.

"What we have already said applies with equal force to the argument that the permit might be loaded with conditions, the nature of which is not limited or stated; that it may be used to build up monopoly, to help a favored few as opposed to the many; that there is no other statute which presents such possibilities for blackmail and oppression. These and many other like criticisms are indulged in by appellant.

"If the question was before us, the well-settled canon of construction permits of no such argument.

"It is presumed that public officials will discharge their duties honestly and in accordance with the rules of law."

We do not think that this language leaves any question as to disposition of the highest court of New York to prevent the oppression of the citizen, or the deprivation of his rights, by an arbitrary and oppressive exercise of the power conferred. That this court will not interfere because the States have seen fit to give administrative discretion to local boards to grant or withhold licenses or permits to carry on trades or occupations, or perform acts which are properly the subject of regulation in the exercise of the reserved power of the States to protect the health and safety of its people there can be no doubt. In *Davis* v. *Massachusetts,* 167 U. S. 43, an ordinance of the city of Boston providing that no person shall make any public address in or upon the public grounds, except in accordance with a permit from the mayor, was held not in conflict with the Fourteenth Amendment to the Constitution of the United States. In *Wilson* v. *Eureka City,* 173 U. S. 32, an ordinance requiring persons

to obtain written permission from the mayor or president of the city council, or in their absence a councillor, before moving a building upon any of the public streets of the city, was sustained as not violative of the Federal Constitution. In the opinion of the court a number of instances were given in which acts were prohibited except with the consent of an administrative board, and which were sustained as proper exercises of the police power. In *Gundling* v. *Chicago*, 177 U. S. 183, an ordinance was sustained permitting the mayor to license persons to deal in cigarettes when he was satisfied that the person applying for the license was of good character and reputation and a suitable person to be intrusted with their sale. And in the recent case of *Jacobson* v. *Massachusetts*, 197 U. S. 11, this court sustained a compulsory vaccination law which delegated to the boards of health of cities or towns the determination of the necessity of requiring the inhabitants to submit to compulsory vaccination. And in *Fischer* v. *St. Louis*, 194 U. S. 361, an ordinance of the city of St. Louis providing that no dairy or cow stable should thereafter be built or established within the limits of the city, and no such stable not in existence at the time of the passage of the ordinance should be maintained on any premises, unless permission should have been first obtained from the municipal assembly by ordinance, was sustained as a proper exercise of the police power. After sustaining the right to vest in a board of men acquainted with the local conditions of the business to be carried on, power to grant or withhold permits, this court said:

"It has been held in some of the state courts to be contrary to the spirit of American institutions to vest this dispensing power in the hands of a single individual, *Chicago* v. *Trotter*, 136 Illinois, 430; *Matter of Frazee*, 63 Michigan, 396; *State* v. *Fisk*, 9 R. I. 94; *Baltimore* v. *Radecke*, 49 Maryland, 217; *Sioux Falls* v. *Kirby*, 6 S. Dak. 62, and in others that such authority cannot be delegated to the adjoining lot owners. *St. Louis* v. *Russell*, 116 Missouri, 248; *Ex parte Sing Lee*, 96 California, 354. But the authority to delegate that discretion to a board ap-

pointed for that purpose is sustained by the great weight of authority, *Quincy* v. *Kennard*, 151 Massachusetts, 563; *Commonwealth* v. *Davis*, 162 Massachusetts, 510, and by this court the delegation of such power, even to a single individual, was sustained in *Wilson* v. *Eureka City*, 173 U. S. 32, and *Gundling* v. *Chicago*, 177 U. S. 183."

These cases leave in no doubt the proposition that the conferring of discretionary power upon administrative boards to grant or withhold permission to carry on a trade or business which is the proper subject of regulation within the police power of the State is not violative of rights secured by the Fourteenth Amendment. There is no presumption that the power will be arbitrarily exercised, and when it is shown to be thus exercised against the individual, under sanction of state authority; this court has not hesitated to interfere for his protection, when the case has come before it in such manner as to authorize the interference of a Federal court. *Yick Wo* v. *Hopkins*, 118 U. S. 356. In the case of *Jacobson* v. *Massachusetts, supra*, it was insisted that the compulsory vaccination ordinance was broad enough to require a person to submit to compulsory vaccination when his physical condition might be such as to render such treatment dangerous to life and even cruelly oppressive. But it was held that the case presented no such situation; that the person complaining of the enforcement of the ordinance was, for aught that appeared, an adult in good health and a proper subject for vaccination; that the Supreme Court of Massachusetts had not sustained the authority of the board in the extreme case supposed, and that the individual complaining made no case wherein the operation of the statute deprived him of his constitutional right of protection. So, in the present case, there is nothing in this record to show why the permit which had been granted to the plaintiff in error was revoked or the conditions upon which, in the exercise of the power conferred by section 66, a permit to carry on the business was granted or withheld. It is true that a conversation was proved in which the milk inspector said to Lieberman that the milk

sold by him "stood well;" but there is nothing to show upon what ground the action of the board was taken. For aught that appears he may have been conducting his business in such wise, or with such surroundings and means, as to render it dangerous to the health of the community, or his manner of selling or delivering the milk may have been objectionable. There is nothing in the record to show that the action against him was arbitrary or oppressive and without a fair and reasonable exercise of that discretion which the law reposed in the board of health. We have, then, an ordinance which, as construed in the highest court of the State, authorizes the exercise of a legal discretion in the granting or withholding of permits to transact a business, which, unless controlled, may be highly dangerous to the health of the community, and no affirmative showing that the power has been exerted in so arbitrary and oppressive a manner as to deprive the appellant of his property or liberty without due process of law.

In such cases it is the settled doctrine of this court that no Federal right is invaded, and no authority exists for declaring a law unconstitutional, duly passed by the legislative authority and approved by the highest court of the State. Nor do we think there is force in the contention that the appellant has been denied the equal protection of the laws, because of the allegation that the milk business is the only business dealing in foods which is thus regulated by the sanitary code. All milk dealers within the city are equally affected by the regulations of the sanitary code. It is primarily for the State to select the kinds of business which shall be the subjects of regulation, and if the business affected is one which may be properly the subject of such legislation, it is no valid objection that similar regulations are not imposed upon other businesses of a different kind. *Soon Hing* v. *Crowley,* 113 U. S. 703; *Fischer* v. *St. Louis,* 194 U. S. 361.

We find no error in the judgment of the Supreme Court of New York, and the same is

*Affirmed.*

MR. JUSTICE HOLMES. I do not gather from the statute or from the decision of the Court of Appeals that the action of the board of health was intended to be subject to judicial revision as to its reasonableness. But whether it was or was not, I agree that the statute, which in substance is older than the Fourteenth Amendment, was not repealed or overthrown by the adoption of that Amendment.