PIERCE OIL CORPORATION *v.* CITY OF HOPE.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 137. Submitted January 16, 1919.—Decided January 27, 1919.

A city ordinance forbidding the storage of petroleum and gasoline within 300 feet of any dwelling, beyond certain small quantities, is within the state police power.

So *held,* where storage of those substances in tanks was necessary to a company's business of selling them, and the plant could not be moved without expense and loss of profits.

The fact that the tanks were moved to their present position at the city's request did not import a contract not to require further removal for the public welfare; nor would such a contract be effective.

Where it cannot be aided by judicial notice, an averment that an ordinance is unnecessary and unreasonable is too general and is not admitted by a demurrer.

Allegations designed to show that petroleum and gasoline were so stored as not to endanger any buildings and that explosion was impossible, though conceding the possibility of some combustion, *held* insufficient on demurrer to exclude the danger of explosion of which the court might take judicial notice.

127 Arkansas, 38, affirmed.

THE case is stated in the opinion.

*Mr. W. E. Hemingway, Mr. G. B. Rose, Mr. J. F. Lough-borough* and *Mr. D. H. Cantrell* for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a complaint brought by the plaintiff in error to enjoin the City of Hope from enforcing an ordinance that forbids the storing of petroleum, gasoline, &c., within three hundred feet of any dwelling, beyond certain small quantities specified. A demurrer to the complaint was sustained by the Supreme Court of the State. 127 Arkansas, 38. The plaintiff is engaged in the business of selling petroleum oil and gasoline and has tanks on the right of way of a railroad in the city, which it moved to that place at the city's request. The mode of construction is set forth and it is alleged that an explosion is impossible and that the presence of the tanks in no way endangers any buildings. The tanks are necessary for the business; the present position diminishes the cost of transferring oil from cars and cannot be changed without considerable expense and a reduction of the plaintiff's lawful profits. The plaintiff adds that it knows of no available place in the city where the tanks could be put and oil stored without violating the ordinance, that the ordinance is unnecessary and unreasonable, and that the enforcement of it will deprive the plaintiff of its property without due process of law contrary to the Fourteenth Amendment of the Constitution of the United States.

A long answer is not necessary. A State may prohibit the sale of dangerous oils, even when manufactured under a patent from the United States. *Patterson* v. *Kentucky,* 97 U. S. 501. And it may make the place where they are kept or sold a criminal nuisance, notwithstanding the Fourteenth Amendment. *Mugler* v. *Kansas,* 123 U. S.

623. The power "is a continuing one, and a business lawful today may in the future, because of the changed situation, the growth of population or other causes, become a menace to the public health and welfare, and be required to yield to the public good." *Dobbins* v. *Los Angeles*, 195 U. S. 223, 238. The averment that the ordinance is unnecessary and unreasonable, if it be regarded as a conclusion of law upon the point which this Court must decide, is not admitted by the demurrer. If it be taken to allege that facts exist that lead to that conclusion, it stands no better. For if there are material facts of which the Court would not inform itself, as in many cases it would, *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210, 227, an averment in this general form is not enough. *Southern Ry. Co.* v. *King*, 217 U. S. 524, 534, 535. Only facts well pleaded are confessed.

Then as to the allegation that plaintiff's plant is safe and does not threaten the damages that led to the ordinance being passed, there are limits to the extent to which such an allegation can be accepted, even on demurrer; as in the old case of a plea that the defendant threw stones at the plaintiff *molliter* and that they fell upon him *molliter*, "for the judges say that one cannot throw stones *molliter*." 2 Rolle's Abr. 548, Trespas, (G) 8. As was well observed by the Court below "we may take judicial notice that disastrous explosions have occurred for which no satisfactory explanations have ever been offered. The unexpected happens." 127 Arkansas, 43. Indeed, the answer admits some possible combustion but undertakes to limit its possible effects. If it were true that the necessarily general form of the law embraced some innocent objects, that of itself would not be enough to invalidate it or to remove such an object from its grasp. *Purity Extract Co.* v. *Lynch*, 226 U. S. 192, 204; *Hebe Co.* v. *Shaw, ante*, 297. Whether circumstances might make an exception from this principle need not be con-

sidered here. *Reinman* v. *Little Rock*, 237 U. S. 171. It is enough to say that the allegations do not raise the question. The fact that the removal to the present situation was made at the city's request does not import a contract not to legislate if the public welfare should require it, and such a contract if made would have no effect. *Boston Beer Co.* v. *Massachusetts*, 97 U. S. 25; *Texas & New Orleans R. R. Co.* v. *Miller*, 221 U. S. 408, 414.

*Decree affirmed.*