THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BANK OF AMERICA et al., Trustees under the Will of M. BELL HAZEN, Deceased, Appellants, *v.* STATE TAX COMMISSION et al., Respondents.

Decedent's estate — tax — income tax — constitutional law — provision of statute that where distribution of income is in discretion of fiduciary income tax shall be imposed upon estate or trust while otherwise it shall be imposed upon each beneficiary, valid — discretion of trustee need not be arbitrary to come within the statute — discretion to fix amount to be paid to one beneficiary affects shares applicable to others amongst whom is to be divided the remainder.

1. Subdivision 4 of section 365 of the Tax Law (Cons. Laws, ch. 60, amd. Laws of 1922, ch. 466) providing if the distribution of income from an estate or trust is in the discretion of a fiduciary the income tax shall be imposed upon the estate or trust and paid by the fiduciary while in other cases it shall be imposed upon and paid by each beneficiary, is constitutional, and a contention that its effect is to deny to trustees and beneficiaries the equal protection of the law cannot be sustained. The distinction is not arbitrary but corresponds to diverse situations involving the propriety of diverse modes of treatment to insure finality in the determination of the revenues of the State. The Legislature finding an evil to be remedied was at liberty to correct it by classification reasonably adopted, in average result or tendency, to promote the end in view and did not exceed its power when it gave effect to the difference in the imposition of the tax.

2. A contention that a trustee's discretion, to come within the statute, must be a discretion to make apportionment at his arbitrary pleasure, cannot be sustained. The statute does not say and it cannot be read to say that the discretion must be such as to relieve the trustee from liability for any possible abuse.

3. Nor is there anything in the point that the discretion, even if it existed as to one beneficiary, did not exist as to others who were to get the income that was left. Discretion could not be exercised to cut down or to enlarge the share applicable to the first beneficiary without affecting at the same time the shares applicable to the others.

*People ex rel. Bank of America* v. *State Tax Comm.*, 217 App. Div. 705, affirmed.

(Argued November 16, 1926; decided December 31, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 4, 1926, which confirmed, on certiorari, a determination of the State Tax Commission assessing an income tax upon a testamentary trust.

*William A. Lockwood* for appellants. Subdivision 4 of section 365 of the Tax Law applies only to trusts in which the discretion is absolute. (*Ordway* v. *Wilcutts*, 12 Fed. Rep. [2d] 105; *Matter of Flood*, 127 Misc. Rep. 797; 216 App. Div. 711; 243 N. Y. 598; 2 Perry on Trusts and Trustees [6th ed.], 824.) If subdivision 4 of section 365 of the Tax Law be as interpreted by the Tax Commission, it is unconstitutional as imposing taxation which is not equal or uniform and which deprives the trust estate and the beneficiaries thereunder of property without due process of law. (*Trew* v. *Bowers*, 12 Fed. Rep. [2d] 625; *People ex rel. Clark* v. *Gilchrist*, 243 N. Y. 173; *Schlesinger* v. *Wisconsin*, 270 U. S. 230; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8; *State* v. *Hoboken*, 41 N. J. L. 71; *Knowlton* v. *Moore*, 178 U. S. 41.)

*Albert Ottinger, Attorney-General* (*Henry S. Manley* of counsel), for respondent. The trust is a discretionary trust within the meaning of the Tax Law, as amended by chapter 426 of the Laws of 1922, and its entire net income is taxable to the trustees. (*Merchants L. & T. Co.* v. *Smietanka*, 255 U. S. 509; *Smietanka* v. *First Trust & Savings Bank*, 257 U. S. 602.) Relators' aversion to section 365 of the Tax Law, interpreted as above, was not

anticipated by the due process clause of the Constitution. (*Catherwood* v. *U. S.*, 280 Fed. Rep. 241; 291 Fed. Rep. 560; *Hecht* v. *Malley*, 265 U. S. 144; *Baltzell* v. *Casey*, 1 Fed. Rep. [2d] 29; 3 Fed. Rep. [2d] 428; *Appeal of Harkness*, 1 B. T. A. 127; *Appeal of Ziegler*, 1 B. T. A. 186; *Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110; *Matter of Tracy*, 179 N. Y. 501.)

CARDOZO, J.  A testatrix gave the residue of an estate to trustees to apply the income to the support of a sister for life, with a direction that the trustees should have " absolute discretion in the maintenance of any home or homes " for the beneficiary of the trust, and with a direction also to " provide for her in the most liberal manner everything which may tend to add to her health, comfort or enjoyment."  " If in any year after the most liberal employment of the income of the trust estate a balance should remain," it was to be divided in equal shares among three cousins who were named.

The tax returns by the trustees for the years 1923 and 1924 show payments of income for the benefit of the sister, and payments of a large balance to each of the three cousins.  The sister, being an incompetent, did not need the whole income of the trust, however generous the exercise of discretion for her benefit.  The cousins, who for all that appears are non-residents of the State, were entitled to what was left.  Profits from investments earned in each year became accretions to the principal.

The question is whether the income is to be taxed as income of the trust considered as an entity, in which event, of course, the tax is to be paid by the trustees, or taxed as income of the beneficiaries, in which event it will be included as part of their returns, and will be subject to such deductions and exemptions as apply to income generally.

The determination of this question involves the validity and construction of section 365 of the Tax Law (Cons.

Laws, ch. 60) and in particular of subdivision 4 of that section, as amended in 1922 (L. 1922, ch. 426).

Section 365, in imposing a tax upon the income of estates or trusts, includes " (a) income received by estates of deceased persons during the period of administration or settlement of the estate; (b) income accumulated in trust for the benefit of unborn or ascertained persons or persons with contingent interests; (c) income held for future distribution under the terms of the will or trust; (d) income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct; and (e) income of an estate during the period of administration or settlement permitted by subdivision three to be deducted from the net income upon which the tax is to be paid by the fiduciary."

Subdivision 2 of the same section provides that " the fiduciary shall be responsible for making the return of income for the estate or trust for which he acts, whether such income be taxable to the estate or trust or to the beneficiaries thereof." In the latter event it is a return for information only. In cases under d and e, " the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made."

Subdivision 3 provides that in cases under a, b and c " the tax shall be imposed upon the estate or trust with respect to the net income of the estate or trust and shall be paid by the fiduciary," subject to prescribed deductions.

Subdivision 4, as amended in 1922, provides as follows:

" In cases under paragraphs d and e of subdivision one of this section, if the distribution of income is in the discretion of the fiduciary, either as to the beneficiaries to whom payable or as to the amounts to which any

beneficiary is entitled, the tax shall be imposed upon the estate or trust in the manner provided in subdivision three of this section, but without the deduction of any amounts of income paid or credited to any such beneficiary. In all other cases under paragraphs · d and e of subdivision one of this section, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the income of a beneficiary not a resident, derived through such estate or trust, shall be taxable only to the extent provided in section three ·hundred and fifty-nine, subdivision three, for individuals other than residents."

The appellants argue that the effect of this amendment is to deny to trustees and beneficiaries the equal protection of the law (*Schlesinger* v. *Wisconsin*, 270 U. S. 230). The statute, we are told, establishes a wholly arbitrary distinction between beneficiaries whose shares of income are determined by a will, and those whose shares vary according to the discretion of trustees. Beneficiaries of the former class take their income subject to many exemptions and deductions; some may even be non-residents and taxable only upon income from sources within the State (§ 359, subd. 3). Those within the latter class take what is given them depleted by the payment of a tax assessed against the trust.

We think the distinction is not arbitrary, but corresponds to diverse situations, involving the propriety, as

the Legislature might reasonably believe, of diverse modes of treatment. A report of the special joint committee on taxation and retrenchment, made to the Legislature in 1921, reveals the statutory scheme. "Estates and trusts," it is there stated, "are subject to the same distinction made in the Federal law between income accruing to an individual beneficiary, and income not presently assignable to a definite beneficiary, and therefore regarded as income of the estate or trust as such." Public policy demands that the State shall know the income upon which its taxes are to be based. If the determination of the shares is left to the discretion of the trustees, there may be an indefinite period during which the interests of the beneficiaries will be left in suspense. The result, so far as the taxing authorities are concerned, will be very nearly the same as if there were a trust for accumulation (*Smietanka* v. *First Trust & Sav. Bk.*, 257 U. S. 602). "There must be some finality in the determination of the revenues of the State" (*People ex rel. Kohlman & Co.* v. *Law*, 239 N. Y. 346, 351). The return day arrives. The trustee has paid a certain proportion of the income to one of the beneficiaries. He has not yet made up his mind as to the needs of the others. The beneficiaries cannot be taxed until his determination is announced. The only way to reach the income in the interval is to lay the tax upon the trust. In this particular case, the risk of delay or evasion may be slight, for here the trustees are directed to make their allotment annually. Even so, they might postpone the performance of their duty, and leave the basis of the tax uncertain. The validity of the tax does not depend, however, upon nice distinctions between the peculiarities of one will and another. The Legislature, finding an evil to be remedied, was at liberty to correct it by classification reasonably adapted, in average result or tendency, to promote the end in view (*Purity Extract & Tonic Co.* v. *Lynch*, 226 U. S. 192, 201; *Jacob Ruppert, Inc.*,

v. *Caffey,* 251 U. S. 264, 290; *Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365). " If it were true that the necessarily general form of the law embraced some innocent objects, that of itself would not be enough to invalidate it or to remove such an object from its grasp " (*Pierce Oil Corp.* v. *City of Hope,* 248 U. S. 498, 500). Taken by and large, income presently appropriated to the use of beneficiaries is in a class separate and apart for purposes of taxation from income to be appropriated thereafter in the exercise of discretion. The Legislature did not exceed its power when it gave effect to the difference in the imposition of the tax.

The statute, being valid, controls the case at hand. The appellants would have us hold that a trustee's discretion, to come within the statute, must be discretion to make apportionment at his arbitrary pleasure. The trustees under this will are told by the testatrix that they shall have " absolute discretion " in determining the sister's need, yet an exercise of discretion so capricious as to leave the beneficiary in penury would be subject, it is said, to correction by the court. All this may be assumed without excluding the trust from the operation of the statute. The statute does not say that the discretion must be such as to relieve the trustees from liability for any possible abuse. It cannot be read as if it said so without ignoring the mischief, the risk of uncertainty or evasion, that led to its enactment. We see nothing in the point that the discretion, even if it existed as to the sister, did not exist as to the cousins, who were to get the income that was left. Discretion could not be exercised to cut down or to enlarge the share applicable to her without affecting at the same time the shares applicable to them.

The order should be affirmed with costs.

Hiscock, Ch. J., Pound, McLaughlin, Crane, Andrews and Lehman, JJ., concur.

Order affirmed.