OKLAHOMA TAX COMMISSION v. WEINIG et al.

No. 30388. April 21, 1942.

Rehearing Denied May 12, 1942.

*125 P. 2d 772.*

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, all of Oklahoma City, for plaintiff in error.

Keaton, Wells & Johnston and John K. Speck, all of Oklahoma City, for defendants in error.

RILEY, J. The issue of law presented in this appeal is whether tax for the year 1936 on the income of a trust estate was taxable against the trust estate in the hands of the trustee or whether, on the other hand, it was taxable against the distributive share of each of the beneficiaries.

In September, 1936, W. D. Weinig executed an irrevocable declaration of trust for the duration of his life. W. D. Weinig, as provided by the instrument, is trustee for the benefit of his five sons. The trustee transferred certain fractional interests in some oil and gas mining leases to land in Pottawatomie county to the trust estate, and during the balance of said year the net income of the trust estate applicable to Oklahoma amounted to $8,835.88. The trustee distributed said income to the five beneficiaries in equal parts, and made his return to the Oklahoma Tax Commission showing no taxable income as against the trust estate.

The Tax Commission rejected the return and after notice, protest, and hearing, assessed a tax against the trust estate in the sum of $358.87, which with interest to date amounted to $424.36.

The trustee paid the tax with interest under protest, and brought this action to recover the amount paid.

Plaintiff attached to his petition a copy of the declaration of trust. The material provisions of the declaration are:

". . . that the interest or share of each son, . . . are equal, one with another. The Trustee may pay to Hilton H. Weinig, Philip W. Weinig, Carlyle E. Weinig, Reginald W. Weinig and Wm. W. Weinig any part of the income or corpus of this trust that the Trustee may in his sole discretion think is necessary or desirable, provided, however, that the

aggregate payments made to any one beneficiary during the entire term of this trust shall never exceed one-fifth (1/5) of the net proceeds or net sum available for distribution. The Trustee shall not be required to make equal distribution to the various beneficiaries and may take into consideration the separate needs and desires of the beneficiaries. . . .

"That at the termination of this trust estate as hereinbefore provided, the Trustee shall make distribution . . . provided, however, that upon final distribution the amount of each beneficiary's aggregate partial distribution shall be computed and the final distribution shall be such so that each principal beneficiary (and/or his issue in the event such principal beneficiary shall have died prior to the termination of this trust), shall receive in the aggregate the same amount as each of the other principal beneficiaries. The principal beneficiaries are each sons of the settlor and Trustee and it is the intention of the settlor that each son of his shall receive, in the aggregate, an equal share of the income and corpus of this trust estate."

The Tax Commission answered admitting that the trustee had distributed the entire income for the year in question to the five sons, in equal amounts, and then alleged in substance that by reason of the exclusive discretion given by the trust agreement the tax was made assessable against the estate and not on the respective distributive shares, and therefore the assessment made was lawful, and judgment accordingly was sought.

Plaintiff demurred to the answer. The demurrer was sustained and judgment went for plaintiff. Defendant appeals.

Defendant contends that under the declaration of trust, the income from the trust estate is taxable in its entirety to the trustee. The applicable provisions of section 13, art. 6, chap. 66, S. L. 1935, govern. Subdivision D. 1 provides:

"The tax imposed by this Act on individuals shall apply to estates and trusts, which tax shall be collected and paid annually upon, and with respect

to, the income of estates or of any kind of property held in trust including: . . .

"(d) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, . . .

"4. In cases under paragraphs (d) . . . of subdivision D. 1 of this Section, if the distribution of income is in the discretion of the fiduciary, either as to the beneficiaries to whom payable or as to the amounts to which any beneficiary is entitled, the tax shall be imposed upon the estate or trust in the manner provided in subdivision D. 3, of this Section, but without the deduction of any amounts of income paid or credited to any such beneficiary. In all other cases under paragraphs (d) and . . . of subdivision D. 1, of this Section, the tax shall not be paid by the fiduciary, but there shall be included, in computing the net income of each beneficiary, his distributive share, . . . ."

Subdivision D. 3 provides:

"In cases under paragraphs (a), (b) and (c), of subdivision D. 1, of this Section, the tax shall be imposed upon the estate or trust with respect to the net income of the estate or trust and shall be paid by the fiduciary, . . . ."

Plaintiff cites Appeal of Wm. E. Scripps, 1 B. T. A. 491; Appeal of Mary L. Barton, 5 B. T. A. 1010; Blair v. Barton, 1 Cir., 26 Fed. 2d 765; Appeal of A. W. Henn, 8 B. T. A. 190; Appeal of Sprague, 8 B. T. A. 173; Willcuts v. Ordway, 19 Fed. 2d 918; and Crocker v. Nichols, 27 Fed. 2d 598; and Appeal of Brown & Ives, 2 B. T. A. 936.

Of these cases plaintiff relies largely upon the Scripps, Barton, and Brown Cases. The Scripps Case has application only so far as it sets out that whenever taxable income is to be determined, all the facts must be considered. That case arose under the 1921 U. S. Revenue Act. It is conceded that it did not contain a provision analogous to the provisions of subdivision D. 4, section 13, of art. 6, ch. 66, Oklahoma S. L. 1935. In the Scripps Case, supra, the commission sought by departmental rule to make such provision. It was held that the rule sought to be applied was invalid.

In the Henn Case, supra, the only discretion given to the trustee to make unequal distributions was in case of bankruptcy, incompetency, improvidence, profligacy, or misfortune; that none of said contingencies arose, and therefore the trustee was without discretion to make unequal distribution.

In the Scripps Case, supra, the facts were similar to the facts in the instant case, but the law was different. Under the facts existing in the Scripps Case the federal statute specifically provided that the tax should not be paid by the fiduciary.

The Oklahoma statute specifically provides that if the distribution of income is in the discretion of the fiduciary, either as to the beneficiaries to whom payable or as to the amounts to which any beneficiary is entitled, the tax shall be imposed upon the estate or trust in the manner provided in subdivision D. 3, and without the deduction of any amount of income paid or credited to any such beneficiary.

Subdivision 3 of said section provides that the tax should be paid by the fiduciary, without exemption allowed, except to the extent of exemption made for a single person.

Therefore, if the discretion given to the trustee is such as to come within the meaning of the provisions of subdivision D. 4 of section 13, supra, the tax assessed by the commission must be sustained. We are dealing only with the income from the trust estate for the year 1936. It is that income upon which the tax is laid. For tax purposes income for each year must be treated separately.

The provisions of the declaration of trust show that the intention of the settlor and trustee is that in the ultimate distribution of the trust estate, including income, each of the five beneficiaries is to receive an equal part. But as applied to the income the trustee might exercise, as to payment of any part of the income or corpus of the trust, a discretion. With respect to the income the trustee was given complete discretion

with limitation only as to equalization of payments to beneficiaries upon dissolution of the trust.

The trustee could withhold payment of any part of the income until final distribution of both corpus and income; he could withhold payment of any part or all of the annual income from any one of the beneficiaries and distribute the whole thereof to the other beneficiaries, in equal or unequal parts.

Whenever taxable income is to be determined, not only all of the facts must be considered, but all of the facts and all of the law. The federal statute, in force at the time Scripps, Henn, and Barton Cases, supra, were decided, specifically provided that under existing facts the tax should not be paid by the fiduciary, but, as stated in Blair v. Barton, supra, "It is clearly provided that the beneficiary should pay the tax upon the share of the income distributed to him." But in this case we are controlled by a state statute which provides that, under facts somewhat similar, income which is to be distributed to the beneficiary periodically, whether or not at regular intervals, if distribution is in the discretion of the fiduciary, either as to the beneficiaries to whom payable or as to the amounts to which any beneficiary is entitled, "the tax shall be imposed upon the estate or trust in the manner provided in subdivision D. 3 of this section, but without deduction of any amounts of income paid or credited to any such beneficiary."

Subdivision D. 3 of the section referred to therein says that the tax shall be imposed upon the estate or trust and shall be paid by the fiduciary, with the exception that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of income properly paid or credited to a legatee, heir, or other beneficiary. The exception mentioned has no application here because we are not dealing with the income of the estate of a deceased person. But the estate or trust is to be allowed the same exemptions as are allowed single persons under section 11 of the 1935 Act (in this case, $850 which was allowed). That part of the 1935 Oklahoma Income Tax Law here involved appears to have been adopted from the New York statute as amended in 1922. Our law is identical in language with the New York statute of 1922.

In 1926, in People ex rel. v. Gilchrist, 244 N. Y. 56, 154 N. E. 821, the New York Court of Appeals had the question here involved under a trust provision somewhat more favorable to the trust estate than the one here involved. Therein it was held:

"Tax Law (Consol. Laws, c. 60) § 265, subd. 4, as amended by Laws 1922, c. 426, § 1, providing that fiduciary rather than beneficiaries must pay income tax, if he has discretion as to distribution of income, held applicable to testamentary trustee who had discretion as to amount payable to primary beneficiary, with remainder distributable annually to others."

Reasoning in the Gilchrist Case, supra, follows:

"Public policy demands that the state shall know the income upon which its taxes are to be based. If the determination of the shares is left to the discretion of the trustees, there may be an indefinite period during which the interests of the beneficiaries will be left in suspense. The result, so far as the taxing authorities are concerned, will be very nearly the same as if there were a trust for accumulation. . . . 'There must be some finality in the determination of the revenues of the state.'. . . The return day arrives. The trustee has paid a certain proportion of the income to one of the beneficiaries. He has not yet made up his mind as to the needs of the others. The beneficiaries cannot be taxed until his determination is announced. The only way to reach the income in the interval is to lay the tax upon the trust. In this particular case, the rest of delay or evasion may be slight, for here the trustees are directed to make their allotment annually. Even so they might postpone the performance of their duty, and leave the basis of the

tax uncertain. . . . The Legislature, finding an evil to be remedied, was at liberty to correct it by classification reasonably adapted, . . ."

The statute governs, and by its terms lays the tax upon the estate where discretion is exercised in payment of annual income to beneficiaries. This is an annual tax.

Under the facts and the law the tax in this case was assessable against the trust without regard to any amount the trustee may have paid or credited to the beneficiaries, whether in equal or unequal amounts.

The judgment is reversed and cause remanded for further proceedings consistent with the views herein expressed.

CORN, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. WELCH, C. J., and GIBSON, HURST, and ARNOLD, JJ., dissent.