CENTRAL NAT. BANK OF OKMUL-GEE v. OKLAHOMA TAX COM.

No. 32084. Feb. 26, 1946.

*166 P. 2d 431.*

L. L. Cowley, A. D. Cochran, John L. Norman, and Kenneth H. Lott, all of Okmulgee, for plaintiff in error.

E. L. Mitchell and C. W. King, both of Oklahoma City, for defendant in error.

DAVISON, J. This is an appeal to this court by the Central National Bank of Okmulgee, Okla., trustee of the estate of C. C. Bennett, deceased, from an order of the Oklahoma Tax Commission finding due by such trustee income tax upon the income of the trust estate for the year 1942. The trustee paid the tax under protest and perfected this appeal for review of the order.

In the hearing before the Oklahoma Tax Commission a stipulation of facts was made that C. C. Bennett died April 25, 1940, and that on December 10, 1938, the deceased executed his will and codicil thereto. These instruments set aside 10 per cent of his estate to the creation of "The Blanche Emma Bennett Educational and Student Loan Fund" to assist young men in the preparation for the ministry and disposed of the balance of his estate, 18%,

each to his wife and three children and 18% to named grandchildren. The instruments further designated the Central National Bank, the surviving spouse, and one son as trustees to whom all the estate should be distributed upon final decree of distribution. The term of the trust was for ten years from the date of the death of C. C. Bennett with provision for earlier termination if the trustees deemed it to the best interests of the trust estate and all persons mentioned in the will. Pending the administration of the estate the surviving spouse and son resigned as trustees and the Central National Bank was duly made sole trustee and all the assets of the estate were distributed to it.

It was further stipulated that pursuant to authority granted by the terms of the codicil the trustee distributed the full amount of the net profits at the end of each three months to the beneficiaries designated in the will and codicil, being the surviving spouse, three children, and named grandchildren in the exact proportions and according to the will, and that the trustee had authority under the will ånd codicil to make such distribution.

It was further stipulated that the trustee in rendering its income tax return for 1942 took credit for the amount of net profits distributed to the beneficiaries and did not pay the tax thereon; that the Oklahoma Tax Commission proposed an assessment for income taxes under the provisions of 68 O. S. 1941 § 884 D. 4, and contends the distribution of the income is discretionary with the trustee under the provisions of subsection (c) of the fourth section of the codicil.

Subsection (c) of the fourth section of the codicil is as follows:

"(c) I hereby direct my trustees, or a majority of them, if in their judgment the net profits from said trust estate will warrant the same, to expend from said net profits at the end of each three months, and to pay to my beloved wife, my children and grandchildren mentioned in my last will and testament, if living, or in case of their death, then those entitled to their share as set forth in my last will and testament, and after said trustees have set aside ten per cent of the net profits for and to be used for the Blanche Emma Bennett Educational and Student Loan Fund. Any and all moneys so paid under and by virtue of this paragraph (c) shall be, and is hereby declared to be an indebtedness or an advancement against their share or portion of my estate to which they are or may be entitled under the terms and conditions of my last will and testament."

The applicable provisions of 68 O.S. 1941 § 884 are:

"D. 1. The tax imposed by this Act on individuals shall apply to estates and trusts, which tax shall be collected and paid annually upon, and with respect to, the income of estates or of any kind of property held in trust including: . . . (d) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, . . .

"3. In cases under paragraphs (a), (b) and (c), of subdivision D. 1 of this Section, the tax shall be imposed upon the estate or trust with respect to the net income of the estate or trust and shall be paid by the fiduciary, . . .

"4. In cases under paragraphs (d) . . . of subdivision D. 1, of this section if the distribution of income is in the discretion of the fiduciary, either as to the beneficiaries to whom payable or as to the amounts to which any beneficiary is entitled, the tax shall be imposed upon the estate or trust in the manner provided in subdivision D. 3, of this section, but without the deduction of any amounts of income paid or credited to any such beneficiary. In all other cases under paragraphs (d) . . . of subdivision D. 1, of this section, the tax shall not be paid by the fiduciary, but there shall be included, in computing the net income of each beneficiary, his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year. . ."

The one question involved in this appeal is whether the income of the trust

estate for 1942 is taxable against the trustee or is taxable against the distributive share of each of the beneficiaries. The trustee contends it had no discretion either as to the beneficiaries or as to the amount to which any individual beneficiary was entitled, and consequently the income was not taxable against the trustee.

The trustee and Tax Commission both cite People ex rel. Bank of America v. Gilchrist, 244 N. Y. 56, 154 N. E. 821, and Oklahoma Tax Commission v. Weinig, 190 Okla. 524, 125 P. 2d 772. In both of these cases it was held discretion was present within the provisions of the statute and that the income was taxable to the trustee. The trustee seeks to distinguish the facts in the present case from those in the cited cases.

In the Gilchrist Case, decided under a statute identical to the Oklahoma statute quoted above and cited in the Weinig Case, the trustees were directed to apply the trust income to the support of a sister for life with discretion to maintain a home and provide for the sister in the most liberal manner and any remaining balance in any year to be divided equally among three named cousins. A large balance was distributed yearly to the cousins.

In the Weinig Case the trust was for the benefit of five sons for the duration of the life of the creator of the trust, and provided the trustee could pay to the beneficiaries any part of the income or corpus that the trustee in his discretion thought necessary or desirable during the term of the trust, but not more than one-fith of the net proceeds or net sum available for distribution to any one beneficiary. The trustee was not required to make equal distribution but could consider the separate needs and desires of the beneficiaries. Upon termination of the trust, distribution was to be made with consideration to the distribution already made so that each beneficiary would receive in the aggregate the same amount as each of the other beneficiaries. The trustee

distributed the income equally and made tax return showing no taxable income against the trust estate.

In the application of the cited statute to the instant case we see no basic distinction between the present case and the Gilchrist and Weinig Cases. In the case before us the trustee, as sole trustee, is vested with the discretion to determine when in its judgment the net profits will warrant the expenditure thereof to the beneficiaries of such sums as determined by the trustee. It is our opinion that although under the provisions of the codicil the distribution, having been determined upon, is to be made at the expiration of three-months periods, the beneficiaries are to receive payment according to the percentages set out in the will. Such facts do not release the trustees from payment of the tax under the statute. The trustee exercises its discretion in determining whether a distribution is warranted, and upon this determination depends whether the beneficiaries receive anything and how much they will receive.

In the instant case the trustee paid to the beneficiaries the full amount of the net profits at the end of each three months. The fact that the trustee did this is not decisive of the question as to application of the statute. The discretion of the trustee to make a distribution remained.

The language of the court, in People v. Gilchrist, supra, in view of the discretion vested in the trustee in the present case, is equally applicable here:

"Public policy demands that the state shall know the income upon which its taxes are to be based. If the determination of the shares is left to the discretion of the trustees, there may be an indefinite period during which the interests of the beneficiaries will be left in suspense. The result, so far as the taxing authorities are concerned, will be very nearly the same as if there were a trust for accumulation. . . . 'There must be some finality in the determination of the revenues of the state' . . . The beneficiaries cannot be taxed un-

til his determination is announced. The only way to reach the income in the interval is to lay the tax upon the trust. In this particular case, the risk of delay or evasion may be slight, for here the trustees are directed to make their allotment annually. Even so, they might postpone the performance of their duty and leave the basis of the tax uncertain. The validity of the tax does not depend, however, upon nice distinctions between the peculiarities of one will and another. The Legislature, finding an evil to be remedied, was at liberty to correct it by classification reasonably adapted, in average result or tendency, to promote the end in view.

"The statute does not say that the discretion must be such as to relieve the trustees from liability for any possible abuse. It cannot be read as if it said so without ignoring the mischief, the risk of uncertainty or evasion, that led to its enactment."

In Oklahoma Tax Commission v. Weinig, supra, we said in the first paragraph of the syllabus:

"Under Subdivision D. 1 of section 13, art. 6. ch. 66, S. L. 1935, 68 O. S. 1941 § 884 subd. D. 1, the annual income derived from a trust estate is taxable against the estate and must be paid by the fiduciary if, by the terms of the trust, distribution of the income is discretionary on the part of the fiduciary either as to the amounts to be paid the beneficiary or beneficiaries or as to whether any beneficiary shall be paid any amount whatever."

And in the body of the opinion we further said:

"The statute governs, and by its terms lays the tax upon the estate where discretion is exercised in payment of annual income to beneficiaries. This is an annual tax."

Under the facts and the law the tax in this case was assessable against the trust without regard to amounts paid by the trustee to the beneficiaries.

The trustee states the Oklahoma Tax Commission has assessed as taxable income that portion of the trust income distributable to "The Blanche Emma Bennett Educational and Student Loan Fund," which is a charitable and educational organization, and which portion is exempt from taxation, and has also overlooked the fact that Oklahoma income taxes are deductible in computing taxable net income, and that an accrual basis taxpayer must accrue such taxes against the year's income to which they apply. The Tax Commission in its brief concedes in principle to the adjustment.

The order of the Oklahoma Tax Commission is affirmed with adjustment to be made with reference to that portion of the trust income distributed to "The Blanche Emma Bennett Educational and Student Loan Fund" and the accrual of the state income taxes.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, and CORN, JJ., concur. GIBSON, C.J., dissents.