**LAMB ENTERPRISES, INC., Plaintiff,**

v.

**CITY OF TOLEDO et al., Defendants.**

**No. C 69–13.**

United States District Court,
N. D. Ohio, W. D.

July 1, 1970.

———◆———

Harland M. Britz, J. Eugene Farber, J. Edward Goff, Toledo, Ohio, for plaintiff.

John J. Burkhart, Law Department, Toledo, Ohio, for City of Toledo.

OPINION

DON J. YOUNG, District Judge.

This cause has been submitted to the Court on briefs and stipulations. The Court had previously denied a motion for summary judgment since the defendants raised a question of plaintiff's standing to bring this suit. This question has been resolved by stipulation.

Plaintiff challenges the validity of the defendant city's ordinance regulating the operation of CATV within the city. Declaratory and injunctive relief is sought. The Court has previously dealt with similar questions in Greater Fremont, Inc. v. City of Fremont, D.C., 302 F.Supp. 652 (1968), aff'd *sub nom.*, Wonderland Ventures, Inc. v. City of Fremont, 423 F.2d 548 (6th Cir. 1970). While there exist some minor differences between the ordinances therein involved and the ordinance in the present case, the ordinances are basically the same and subject to the same infirmities. The ordinance here involved imposes a gross receipt tax upon proceeds from interstate commerce in violation of the commerce clause of the Constitution of the United States, Art. I, § 8, Clause 3, Fishers' Blend Station, Inc. v. State Tax Commission, 297 U.S. 650, 56 S.Ct. 608, 80 L.Ed. 956 (1936); Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 6 L.Ed. 23 (1824); and it does not contain definite standards for regulation and administration. Interstate Circuit v. Dallas, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225

(1968); Lieberman v. Van DeCarr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305 (1905); Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

Therefore, the ordinance is declared invalid and an injunction will issue. Counsel should prepare an order in accordance with Rule 4 of the Local Rules.

## ORDER

This day this cause came on to be heard on the stipulations of counsel, the pleadings and the briefs of counsel and the Court finds that it has jurisdiction over the parties and the subject matter of this action; that Ordinance No. 370–65 of the defendant, City of Toledo, providing for the regulation of community antenna television systems in the City of Toledo and Ordinance No. 942–65 of the defendant, City of Toledo, requiring a permit for the installation or operation of community antenna television systems in the City of Toledo and Ordinance No. 371–65 of the defendant, City of Toledo, granting a franchise to Buckeye Cablevision, Inc. are invalid for the reasons set forth in the opinion of the Court dated July 1, 1970.

In accordance with said opinion, it is hereby, ordered, adjudged, and decreed that the Ordinances of the City of Toledo known as Ordinance No. 370–65, Ordinance No. 371–65 and Ordinance No. 942–65, are hereby decreed to be invalid and unenforceable. It is further ordered that a permanent injunction should be and the same is hereby entered enjoining the defendants and each of them from enforcing said Ordinances and from interfering in any way with the contract between the plaintiff herein and the Ohio Bell Telephone Company. It is further ordered that the defendants and each of them are enjoined from the issuance of any franchise under said Ordinances to any party. It is further ordered that a permanent injunction should and it hereby is entered enjoining the defendants and each of them

from carrying out any of the provisions of said Ordinances.

It is further ordered that the defendant, City of Toledo, pay the cost of these proceedings.