**LAMB ENTERPRISES, INC., Plaintiff-Appellee,**

v.

**CITY OF TOLEDO et al., Defendants-Appellants.**

**No. 20971.**

United States Court of Appeals, Sixth Circuit.

Jan. 25, 1971.

John J. Burkhart, Toledo, Ohio, on brief for defendants-appellants.

Harland M. Britz, J. Eugene Farber, J. Edward Goff, Fuhrman, Gertner, Britz & Barkan, Toledo, Ohio, for plaintiff-appellee.

Before WEICK, PECK and MILLER, Circuit Judges.

PER CURIAM.

This case is before the Court upon the motion of appellee to affirm the judgment of the District Court under 6th Cir. R. 8 on the ground that it is manifest that the questions presented by the appeal are so insubstantial as not to need further argument. Appellee is a Delaware corporation with its principal place of business in Toledo, Ohio. Appellants are the City of Toledo, Ohio, its mayor, city manager, director of law, and chief of police. Appellee sued in the District Court to enjoin the enforcement or implementation of three ordinances of the City of Toledo that purported to regulate the construction and operation of community antenna television (CATV) facilities within the City of Toledo and to grant a non-exclusive franchise to operate a CATV station to another corporation. Appellee is in the business of operating a CATV facility in Toledo. The District Court filed an opinion on July 1, 1970 holding that the ordinances were unconstitutional and, on July 29, 1970, entered an order permanently enjoining appellants from enforcing the ordinances against the appellee and from interfering with appellee's service contract with a telephone company. Appellants were further enjoined from granting any franchises under the ordinances. Appellants filed a timely appeal to this Court and appellee filed the motion to affirm now under consideration.

At issue in the District Court were three ordinances passed in 1965. The first, No. 371–65, granted a twenty year non-exclusive franchise to Buckeye Cablevision, Inc. for the establishment and operation of a CATV system in Toledo. This ordinance was essentially a contract setting forth the mutual obligations of Buckeye and the city. The second ordinance, No. 370–65, contained regulations for the construction and operation of CATV in Toledo, in addition to imposing a gross receipts tax on the proceeds of anyone operating a CATV system within the city. The third ordinance, No. 942–65, required a permit for the installation and operation of CATV and provided penalties for failure to obtain such a permit.

The District Court held that all of these ordinances were invalid because (1) the imposition of a gross receipts tax upon proceeds from interstate commerce violates the commerce clause of Article I of the Constitution of the United States and (2) the ordinances did not contain definite standards for the regulation and administration of CATV. In this holding the District Court relied on its decision in Greater Fremont, Inc. v. City of Fremont, 302 F.Supp. 652 (N.D.Ohio 1968), which involved basically the same type of regulation of CATV by other cities and in which the District Court rendered an extensive opinion considering the nature of CATV and the possible areas of permissible state and local regulation. The *Fremont* case was affirmed sub nom. Wonderland Ventures, Inc. v. City of Fremont, 423 F.2d 548 (6th Cir.1970), in which the Court of Appeals relied on the two constitutional infirmities above that the District Court has also found in the Toledo ordinances. In referring to the ordinances in the *Fremont, Inc.-Wonderland* case the District Court said, "[w]hile there exist some minor differences between the ordinances therein involved and the ordinance in the present case, the ordinances are basically the same and subject to the same infirmities." Lamb Enterprises, Inc. v. City of Toledo, 324 F.Supp. 134 (N.D.Ohio). It is on this reasoning that appellee relies in making its motion to affirm.

Appellants, in opposing the motion to affirm, contend that the order of the District Court in this case went beyond that entered in the *Fremont, Inc.-Wonderland* case in that the present order has struck down all ordinances regulating CATV and has enjoined the City

from regulating CATV in any respect in any factual situation. They assert that the appeal therefore reaches the questions of whether a municipal corporation has the right to impose any regulation on the business of CATV and, if so, the extent of that right, questions the District Court left open in its opinion in Greater Fremont, Inc. v. City of Fremont, *supra*. Appellants point to differences between their ordinances and those struck down in *Fremont, Inc.-Wonderland* relating to the right of a city to regulate the use of its streets. Appellee points to the finding of the District Court, which decided both cases, that the presence of some differences do not overcome the presence of identical infirmities.

We do not read the order of the District Court in this case as having the broad inclusive effect ascribed to it by the appellants. Neither the opinion of the District Court nor its implementing order purport to enjoin any and all attempts by the appellants to regulate the installation and construction of CATV within the city. Its order enjoined only enforcement of these three ordinances and the granting of any franchises thereunder. The District Court had noted that its opinion in Fremont did not reach the question of the permissible regulation of CATV by state and local governments, an issue not yet entirely resolved, *see* T.V. Pix, Inc. v. Taylor, 304 F.Supp. 459 (D.Nev.), aff'd per curiam, 396 U.S. 556, 90 S.Ct. 749, 24 L.Ed. 2d 746 (1970). Its opinion and order in the instant case do not go beyond the action taken against the ordinances in the *Fremont, Inc.-Wonderland* case. Its opinion also cites the same two constitutional infirmities as the bases for its holding that the Toledo ordinances are unconstitutional. Therefore the objections raised by the appellants in opposition to the motion to affirm are not well taken, and the motion to affirm the appeal under 6th Cir.R. 8 is hereby granted.

Affirmed.